## THE STATE V. WAMBOLD.

1. **Intoxicating Liquors:** NUISANCE : INSTRUCTIONS : ERROR WITH-OUT PREJUDICE. The court instructed the jury that " any building or place where any kind of intoxicating liquor is kept for the purpose of sale, or where any kind of intoxicating liquor is in fact sold, is a nuisance," without excepting those cases where such liquors may lawfully be kept and sold by persons duly authorized, and gave other instructions subject to the same objection. But since there was no claim that defendant had license to keep or sell such liquors, *held* that he was not prejudiced by the error.

2. ——— : ——— : EVIDENCE. The evidence in this case (see opinion) *held* sufficient to sustain a verdict of guilty of nuisance in keeping for sale and selling intoxicating liquors.

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

### FILED, JUNE 7, 1888.

DEFENDANT was indicted for the crime of nuisance alleged to have been committed by keeping for sale and selling intoxicating liquors contrary to law. The cause was tried to a jury, and the defendant found guilty. From the judgment rendered on the verdict the defendant appeals.

*C. E. Richards* and *S. McPherson*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROBINSON, J.—I. The district court charged the jury as follows: " Any building or place where any kind of intoxicating liquor is kept for the purpose of sale, or where any kind of intoxicating liquor is in fact sold, is a nuisance, and the keeping of any such place is the keeping of a nuisance. A man may be guilty of keeping a nuisance without ever having in fact sold a drop of any kind of intoxicating liquor, if he keeps and

maintains a place where intoxicating liquors are kept for the purpose of sale when opportunity offers." Also, that "the keeping of any kind of intoxicating liquor in any saloon or grocery-store, or any such place, where articles of merchandise are kept for sale, is presumptive evidence that it is kept there for illegal sale, unless the presumption is removed by evidence showing that it is kept for some other and different purpose." These portions of the charge are assailed by appellant, on the ground that they are incorrect as statements of the law. As abstract propositions of law they are no doubt erroneous, in that they do not except those cases where intoxicating liquor may be lawfully kept and sold by one duly authorized so to do by virtue of the law regulating the sale of intoxicating liquors. But, when applied to the facts in this case, there was no possibility of their misleading the jury. The defendant did not claim to be authorized to keep for sale and sell intoxicating liquors, but it was his claim and defence that he had not in fact kept for sale nor sold such liquors. Hence there was no occasion for the jury to determine whether or not the alleged acts of defendant were done under the sanction of the law, and no prejudice could have resulted from the error indicated.

II. It is further insisted by appellant that the verdict is not sustained by the evidence. It sufficiently appears that defendant was in apparent custody and control of the place in question at the time specified in the indictment; that he spoke of it and of what he kept and did there in such manner as to justify the finding that he was its proprietor. It also appears that bottles nearly empty, but containing whisky, were found in his possession; that he was engaged in selling beverages and groceries; that his place of business was furnished with a bar and drinking-glasses, among which were some of a kind commonly used for drinking whisky. Evidence was given tending to show that the whisky and bottles in question were in defendant's place of business without fault on his part, but it was for the jury to determine the facts from all

the evidence submitted, and we are not prepared to say that their verdict was wrong. We discover no prejudicial error in the record, and the judgment of the district court is therefore

AFFIRMED.